

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-24-00516-CV & 04-24-00521-CV

**B&T DEPENDABLE SERVICES, LLC** and Bernell Gardener,
Appellants

v.

Edward **SANTOS**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018–CI–18528[1]

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: August 13, 2025

AFFIRMED

This consolidated permissive appeal arises from the trial court's denials of appellants B&T

Dependable and Bernell Gardener's plea to the jurisdiction and motion for summary judgment.

We affirm.

---

[1] The Honorable Antonia Arteaga signed the plea to the jurisdiction at issue in this appeal. The Honorable Norma Gonzales signed the motion for summary judgment at issue in this appeal.

**BACKGROUND**

B&T provides residential and commercial lawn care services. On January 3, 2018, appellee Edward Santos was performing work for B&T, which is co-owned by Gardener. Santos did not have a formal employment agreement with B&T. Instead, Santos would sign a sheet documenting the hours he worked that day and receive payment accordingly. After finishing work for the day and signing out on the time sheet, Santos jumped into the truck bed of a B&T truck driven by Gardener. Attached to the B&T truck was a sixteen-foot trailer carrying B&T equipment. During the drive, Santos fell out of the truck bed and was run over by the trailer. Santos was rushed to the hospital and was in a coma for approximately two months. At the time of the accident, Santos claims he was an independent contractor of B&T; appellants assert he was an employee.

B&T carried both workers' compensation coverage and employers' liability coverage from Texas Mutual Insurance Company. B&T reported Santos's injury as work-related, and Texas Mutual began providing Santos workers' compensation benefits, including income, medical care, and subsequent treatment. While receiving these benefits, Santos filed the underlying lawsuit against appellants, asserting that they had acted negligently on the day he was injured. In addition to appellants, Santos also sued Texas Mutual, B&T's automobile insurer, and several individuals involved in the insurance process, alleging conspiracy and fraud claims against them based on their representations to the Division of Workers' Compensation (the "Division") that he was an employee of B&T on the day of his injuries.[2]

Three and a half years after the accident, a physician within the Division determined Santos had reached maximum medical improvement. The Division held a benefit review conference to attempt to mediate the findings between the parties, but a resolution could not be reached.

---

[2] Santos does not allege the same conspiracy or fraud claims against appellants.

Accordingly, a contested case hearing occurred before an administrative law judge ("ALJ"). Santos did not appear at the contested case hearing, and the ALJ issued a decision and order in favor of Texas Mutual in September 2021. Santos did not appeal the ALJ's decision. Thereafter, Santos continued to accept the benefits offered by Texas Mutual and reapply for benefits, in which he certified that he was an employee of B&T at the time of his injuries.

In March 2024, appellants filed the plea to the jurisdiction and motion for summary judgment at issue in this appeal. In their plea, appellants argued the underlying suit was barred by the exclusive remedy provision in the Texas Labor Code because, after the accident, Santos applied for and received benefits from Texas Mutual and did not exhaust his administrative remedies within the Division. Therefore, because the Division retains exclusive jurisdiction over workers' compensation disputes and Santos failed to appeal the ALJ's decision following the contested case hearing, appellants concluded the trial court lacked subject matter jurisdiction to entertain Santos's common law negligence lawsuit. In their motion for summary judgment, as relevant to this appeal, appellants asserted they were entitled to judgment as a matter of law on their affirmative defense of election of remedies. Relying on a case from the Thirteenth Court of Appeals, the trial court disagreed with appellants and denied their plea to the jurisdiction and motion for summary judgment. *See generally Berry Contracting, L.P. v. Mann*, 549 S.W.3d 314 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied).[3]

The trial court subsequently permitted appellants to seek interlocutory review from its orders and identified controlling issues of law. Two permissive appeals were originally filed—one

---

[3] The trial court severed the claims against appellants from those against the insurance parties, and thereafter denied the insurance parties' pleas to the jurisdiction, which sought relief on similar grounds. *See generally In re Tex. Mut. Ins. Co.*, No. 04-24-00386-CV, 2025 WL 610877 (Tex. App.—San Antonio Feb. 26, 2025, orig. proceeding) (mem. op.), *disapproved of by Univ. of Tex. Rio Grande Valley v. Oteka*, No. 23-0167, 2025 WL 1668315 (Tex. June 13, 2025).

arising from the denial of appellants' plea to the jurisdiction and the other from the trial court's denial of their motion for summary judgment. This court consolidated the appeals.

## DISCUSSION

Appellants raise two issues in their briefing, one jurisdictional and the other stemming from the denial of their motion for summary judgment. We address each issue in turn.

### *Issue One: Exclusive Jurisdiction*

The crux of appellants' jurisdictional issue focuses on the distinction between the Texas Labor Code's exclusive remedy provision and an injured worker's duty to exhaust his administrative remedies within the Division's administrative process. *See* TEX. LAB. CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . [for] a work-related injury sustained by the employee."); *cf. Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) ("If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision.").

Appellants argue that the Division, not the trial court, has exclusive jurisdiction to determine whether Santos suffered a recoverable injury within the course and scope of his employment. Due to the Division's exclusive jurisdiction, appellants aver the trial court erred to the extent it concluded it could exercise jurisdiction over Santos's negligence lawsuit because, in appellants' view, the un-appealed ALJ decision and order conclusively established that Santos was an employee in the course and scope of his employment at the time of his injuries. In accordance with the ALJ's findings, appellants contend that the exclusive remedy provision means that Santos's exclusive remedy would be to further pursue his administrative remedies within the Division, for which he is now time-barred. Because Santos's claims are now time-barred,

appellants conclude the trial court erred in denying their plea to the jurisdiction and thereby failing to dismiss Santos's underlying negligence lawsuit.

In response, Santos argues that the Division does not have exclusive jurisdiction to determine the course and scope in this case because his claims are not premised on the recovery of workers' compensation benefits. Therefore, Santos concludes, the trial court, as a court of general jurisdiction, retains the ability to hear the case. Based on recent authority from the Supreme Court of Texas, we agree.

After oral argument in this case, the Court released its decision in *University of Texas Rio Grande Valley v. Oteka*. *See generally* No. 23-0167, 2025 WL 1668315 (Tex. June 13, 2025). In *Oteka*, the Court stated the relevant standard of review and applicable law as follows:

> The Texas Constitution vests district courts with "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred . . . on some other court, tribunal, or administrative body." By contrast, administrative agencies, as legislative creations, may exercise "only those powers expressly conferred and necessary to accomplish [their] duties." An agency, therefore, has no presumption of adjudicative jurisdiction, either concurrent or exclusive. A party resisting a district court's jurisdiction in favor of an agency's must demonstrate that the Legislature divested the court of subject-matter jurisdiction by vesting exclusive jurisdiction with an agency. We have described this burden as requiring a "compelling showing"; otherwise, "we presume that remedies remain intact and that the jurisdiction of a district court—our state's sole court of general jurisdiction—remains undisturbed."

> Whether an agency has exclusive jurisdiction to adjudicate an issue is a question of statutory interpretation that we review de novo. To answer this question, we look to whether the Legislature has enacted either "an express grant of exclusive original jurisdiction to the agency or a 'pervasive regulatory scheme' indicating that [it] intended 'the [administrative] process to be the exclusive means of remedying the problem' presented." As to the latter, all regulatory schemes have limits, so the inquiry also requires a determination about whether the disputed issue falls within the scope of the agency's exclusive jurisdiction. If so, "the agency has the sole authority to make an initial determination regarding that issue, and a trial court lacks jurisdiction until a party has exhausted administrative remedies."

. . . .

The Workers' Compensation Act provides that an employee is generally eligible for compensation benefits "without regard to fault or negligence" if (1) "the employee is subject to" the Act at the time of injury and (2) "the injury arises out of and in the course and scope of employment." The Department of Insurance oversees the workers' compensation system, and the [Division] administers and operates the system, regulates and administers the business of workers' compensation, and ensures that the Act and other laws regarding workers' compensation are executed. To assist in the Division's administration, the Act establishes finely honed adjudication procedures to resolve disputes about compensation benefits. By statute, these benefits are the exclusive remedy for work-related injuries: "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . [for] a work-related injury sustained by the employee."

Based on this regulatory scheme, we have held that the Division has exclusive jurisdiction to determine a claimant's entitlement to benefits, subject to judicial review. We have also concluded that when an employee's suit for damages is predicated on an entitlement to benefits—for example, a suit for delay damages or bad-faith denial of benefits—an employee may not "circumvent the [Division]'s exclusive authority to decide that issue." But not all statutory and common-law claims against an employer improperly circumvent the Division's exclusive jurisdiction.

*Id.* at *4–5 (citations omitted).

In *Oteka*, the plaintiff, who was a nursing professor, was attending a graduation ceremony when she was injured by a university employee. *Id.* at *1–2. Soon after the injury, the plaintiff informed the university she would be receiving care through her private health insurance, and the university's workers' compensation carrier denied coverage. *Id.* at *1. The plaintiff subsequently sued the university for her injuries, and the parties disputed whether she was acting within the course and scope of her employment at the time of the injury. *Id*. at *2–3. Two years later, during the pendency of the lawsuit, the university's insurance carrier reversed course and accepted the plaintiff's injuries as compensable. *Id.* at *3. The university then filed a plea to the jurisdiction, asserting that the Division had exclusive jurisdiction to determine whether the plaintiff was acting within the course and scope of her employment at the time of her injury. *Id.* Because the

university's insurance carrier had accepted the plaintiff's claim as compensable, the university argued that the exclusive jurisdiction of the Division meant that the plaintiff's recourse was to exhaust her administrative remedies within the Division, not pursue a common law negligence lawsuit. *Id.* The trial court denied the university's plea, and the court of appeals affirmed. *Id.*

The Court agreed with the lower courts. *Id.* at *2–9. The Court explained that the Division does not have the exclusive jurisdiction to determine whether a plaintiff was in the course and scope of employment at the time of their injury when a plaintiff's lawsuit is not premised on their entitlement to benefits. *Id.* at *1, 5. The Court reasoned that requiring a plaintiff to file a workers' compensation claim and then advocate against that claim's merit would place the plaintiff in an "unnatural position" and that "an employer who has asserted the exclusive-remedy [provision] likely would not contest that compensation claim." *Id.* at *6. Finally, the Court made sure to acknowledge that the statutory scheme encompasses several "legislative and judicial safeguards . . . to maintain the Act's balance of advantage and detriment" to reach timely and sound decisions. *Id.* at *7–8.

Here, although *Oteka* is factually distinguishable, it is legally guiding based on appellants' jurisdictional argument. Appellants' jurisdictional argument flows from the same class of arguments the university made in *Oteka*. That is, appellants aver that when it is disputed whether a worker's injury occurred while acting in the course and scope of their employment, it is the Division, not the trial court, that holds the exclusive jurisdiction to make this determination. *Cf. id* at *5–7. Appellants reason that because the ALJ determined Santos suffered an injury occurring in the course and scope of his employment with B&T, the Division holds the exclusive jurisdiction over the underlying lawsuit. Because the Division holds exclusive jurisdiction over the underlying lawsuit, and because Santos failed to exhaust his administrative remedies within the Division,

appellants conclude the trial court should have dismissed Santos's lawsuit for lack of subject matter jurisdiction.[4]

However, as shown above, the legislature has not granted the Division unfettered exclusive jurisdiction to determine whether an injured worker was in the course and scope of employment at the time of their injury. *Id*. *2–8. Rather, the Division's exclusive jurisdiction extends only so far as to determine whether the claimant is entitled to benefits or when a claimant's suit for damages is predicated on an entitlement to benefits. *Id.* at *5–8. In this case, just like *Oteka*, Santos's claims are not based on his entitlement to benefits. *See id.* at *5; *Medrano v. Kerry Ingredients & Flavours, Inc.*, No. 02-20-00247-CV, 2021 WL 1323432, at *2 (Tex. App.—Fort Worth Apr. 8, 2021, no pet.) (mem. op.) ("[Appellant's] personal injury suit touches on many of the same questions that would be posed in a Division proceeding to determine whether a claimant was entitled to compensation, but the merits of his suit do not hinge on whether he is ultimately eligible for workers' compensation benefits.").

Nevertheless, appellants argue that we should adhere to our prior jurisdictional reasoning in *Berrelez v. Mesquite Logistics USA, Inc.*, where we previously held that the Division, not the trial court, held exclusive jurisdiction to determine whether an injured worker was acting within the course and scope of employment at the time of their injury. *See* 562 S.W.3d 69, 74 (Tex. App.—San Antonio 2018, no pet.), *disapproved of by Oteka*, 2025 WL 1668315. However, *Oteka* expressly disapproved of *Berrelez*. *See Oteka*, 2025 WL 1668315, at *7.

---

[4] Appellants argued for dismissal, as opposed to abatement, because the deadline for Santos to file an appeal from the contested case hearing had passed. *See* 28 TEX. ADMIN. CODE § 142.16(f) (an appeal of a contested case hearing to an appeals panel must be filed within 15 days); *cf. Oteka*, 2025 WL 1668315, at *8 (explaining that abatement of the common law lawsuit may be proper where both the administrative process and common law action are proceeding at the same time).

Finally, as suggested above, we acknowledge that appellants appear to conflate the exclusive jurisdiction of the Division and an injured worker's duty to exhaust his administrative remedies with the Labor Code's exclusive remedy provision. *See* TEX. LAB. CODE § 408.001(a); *cf. Thomas*, 207 S.W.3d at 340; *see also Medrano*, 2021 WL 1323432, at *1 (noting the parties had "woven together two concepts—exclusive jurisdiction and the exclusive-remedy [provision]—that are not the same and should not be confused"). As explained by our sister court, however, "[t]he exclusive-remedy provision . . . is an affirmative defense that is properly raised in a motion for summary judgment or resolved on the merits at trial." *In re Recess Arcade Bar, LLC*, No. 03-24-00230-CV, 2024 WL 3048577, at *1 (Tex. App.—Austin June 19, 2024, orig. proceeding) (mem. op.). Although appellants raised the exclusive remedy provision in their motion for summary judgment and sought permission from the trial court to seek a permissive interlocutory appeal on the issue, appellants chose to limit their appellate issues and briefing related to the exclusive remedy provision solely to whether the trial court erred in denying their plea to the jurisdiction. As a neutral arbiter of the facts and legal arguments as they are presented to us by the parties, we will not create or support a party's argument for them. *See Solis v. Almonaci*, No. 04-20-00150-CV, 2021 WL 3516686, at *2 (Tex. App.—San Antonio Aug. 11, 2021, no pet.) (mem. op.); *Roberts for Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (explaining that an appellate court may not "abandon[] its role as judge and assuming the role of advocate for a party.").

Accordingly, bound to review the arguments raised by the parties through the procedural vehicles in which they chose to assert them, we conclude that the Division does not have exclusive

jurisdiction over Santos's claims. Therefore, we hold that the trial court did not err in denying appellants' plea to the jurisdiction based on the Labor Code's exclusive remedy provision.

*Issue Two: Election of Remedies*

In their second issue, appellants argue the trial court erred in denying their motion for summary judgment based on their election of remedies affirmative defense.

*Standard of Review and Applicable Law*

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "A party moving for traditional summary judgment has the burden of establishing that no material fact issue exists and the movant is entitled to judgment as a matter of law." *Vause v. Liberty Ins. Corp.*, 456 S.W.3d 222, 225 (Tex. App.—San Antonio 2014, no pet.); *Progressive Cnty. Mut. Ins. Co. v. Saldivar*, 712 S.W.3d 691, 694 (Tex. App.—Houston [14th Dist.] 2025, no pet.) ("A defendant moving for summary judgment must either negate at least one essential element of a cause of action or conclusively establish each element of an affirmative defense."). "In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law." *Vause*, 456 S.W.3d at 225.

"The doctrine of 'election of remedies' is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies." *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). "[T]he election of remedies doctrine combines elements of estoppel, ratification, and unjust enrichment." *Id.* "The election doctrine, therefore, may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies,

rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice." *Id.* (citation omitted).

*Analysis*

In the trial court's order granting the parties leave to seek a permissive appeal arising from the denial of appellants' motion for summary judgment, the trial court identified three issues of law that may be broadly stated as follows: election of remedies, the exclusive remedy provision, and quasi-estoppel. In the appellants' briefing on this issue, they focus solely on the trial court's denial of their motion for summary judgment on their affirmative defense of election of remedies. Specifically, appellants only briefed the affirmative defense's first element—informed choice— because appellants argue our scope of review is limited to the issue presented in their petition for permissive appeal, which they framed as follows: "Is there a fact issue on Appellants' affirmative defense of election of remedies because Santos was in a coma when he first received workers' compensation benefits and he was purportedly under economic duress when he applied for (and then received) supplemental income benefits?" In response, among other things, Santos argues appellants failed to brief every essential element of their affirmative defense and, therefore, failed to carry their burden as a matter of law.

"In a permissive appeal, we limit our review to the controlling legal question on which there is a substantial ground for disagreement and for which immediate resolution may materially advance the litigation." *Harbor Am. Cent., Inc. v. Armand*, 692 S.W.3d 777, 781 (Tex. App.—San Antonio 2024, pet. denied). That is, we review only the issues certified by the trial court. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 147 (Tex. 2022). Critically, however, our review is not limited to how the parties frame the certified issues. *See id.* ("When an appellate court—this or any other—accepts a permissive interlocutory appeal, the court should do what the Legislature has

authorized and address the merits of the legal issues certified.") (internal quotation marks omitted).

Relevant here, the trial court certified the following controlling issue of law:

> Whether [Santos's] claims are barred by the election of remedies doctrine based on the undisputed facts and [Santos's] arguments relying on *Berry Contracting, LP. v. Mann*, 549 S.W.3d 314 (Tex. App.—Corpus Christi-Edinburg 2018, pet denied) that, despite having received benefits under the Texas Worker's Compensation Act (the "Act") and applying for receiving [*sic*] supplemental income benefits under the Act, that he had no exercisable choice to receive such benefits as he was not subject to the Act because he was (i) not in course and scope at the time of his injury and (ii) was not an employee of [appellants].

Appellants attempted to frame the issue in their petition for permissive appeal and argument in their merits briefing as though we had accepted as true that they met their burden on three of the four elements of their affirmative defense, and they limited their argument to one element that the trial court resolved against them. However, appellants cited no authority for their proposition that our review is so limited. *See Toro Co. v. Lira*, No. 08-24-00348-CV, 2024 WL 4635422, at *1 (Tex. App.—El Paso Oct. 31, 2024, no pet.) (mem. op.) (noting that in permissive appeals appellate courts "are specifically tasked to resolve a controlling question of law *framed by the trial court* in its order[.]") (emphasis added). Thus, as Santos points out, appellants failed to brief or otherwise address three of the four elements necessary for them to prevail on their affirmative defense. As explained above in our discussion of appellants' first issue, we will not make those arguments for them. *See Solis*, 2021 WL 3516686, at *2; *Roberts for Roberts*, 2021 WL 5702464, at *2.

Moreover, even assuming for argument's sake we disregarded appellants direct statements that their petition for permissive appeal defines our scope of review rather than the trial court, and went beyond liberally construing appellants brief, appellants failed to provide argument and authority addressing the trial court's enumerated sub-issues—*i.e.*, whether Santos was an employee in the course and scope of employment at the time of his injury. *Kenyon*, 644 S.W.3d at

147 ("While involvement of a controlling legal issue is essential to securing a permissive appeal, the statute plainly provides that it is the order (or, as the case may be, the relevant portion of the order) that is on appeal, and the rules of appellate procedure preclude a strict construction of issues presented on appeal.") (internal quotation marks, alterations, and citations omitted); *see also Renaissance Med. Found. v. Lugo*, No. 23-0607, 2025 WL 1478694, at *3 (Tex. May 23, 2025) ("The test to determine whether a worker is an employee rather than an independent contractor is whether the entity has the right to control the progress, details, and methods of operations of the work.") (internal quotation marks omitted); *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584–85 (Tex. 2005) ("There are several factors to consider in determining whether or not a worker is an independent contractor: (1) The independent nature of his business; (2) his obligation to furnish necessary tools, supplies, and material to perform the job; (3) his right to control the progress of the work, except as to final results; (4) the time for which he is employed; and (5) the method of payment, whether by time or by the job.") (citation omitted).

Therefore, we hold that appellants failed to satisfy their burden to conclusively prove every element of their affirmative defense as a matter of law. *Vause*, 456 S.W.3d at 225; *Saldivar*, 712 S.W.3d at 694. Accordingly, based on the parties' arguments as presented to this court, we hold that the trial court did not err in denying appellants' motion for summary judgment on their affirmative defense of election of remedies.

## CONCLUSION

We affirm the orders of the trial court.

Lori I. Valenzuela, Justice